# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2025

Lyle W. Cayce
Clerk

No. 24-40088
Summary Calendar

───────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Maurice Eugene Davy,

*Defendant—Appellant*.

───────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:12-CR-14-1

───────────────────────────────

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Maurice Eugene Davy, federal prisoner # 30266-379, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release on the ground that he failed to demonstrate extraordinary and compelling circumstances. Davy contends that extraordinary and compelling reasons exist for his compassionate release

───────────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

because (i) his guilty plea was invalid or involuntary insofar as the Government failed to prove at his rearraignment that he knew he was a felon when he possessed the subject firearm and the court failed to inform him that his knowledge of his felon status was an element of his felon-in-possession offense under *Rehaif v. United States*, 588 U.S. 225, 227 (2019); and (ii) due to a postconviction change in the law, if he were sentenced today, he would no longer qualify as an armed career criminal and would not be subject to the 180-month statutory minimum under 18 U.S.C. § 924(e)(1), or the armed career criminal enhancement under U.S.S.G. § 4B1.4(b)(3)(A).

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Davy's arguments that he is entitled to compassionate release because his conviction is invalid under *Rehaif* are not cognizable under § 3582(c). *See United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).

As to Davy's status as an armed career criminal, we do not reach his arguments based on *Descamps v. United States*, 570 U.S. 254, 261 (2013), *Mathis v. United States*, 579 U.S. 500, 516-20 (2016), because they are raised for the first time on appeal. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021). Even assuming that his arguments are not foreclosed by the habeas-channeling rule, he otherwise fails to raise any plausible argument that any postconviction change in the law would alter his classification as an armed career criminal and, accordingly, that there is a disparity between his 180-month sentence and the sentence he would receive if he were sentenced today.

Accordingly, Davy has failed to demonstrate any abuse of discretion in the district court's denial of his compassionate release motion. *See Chambliss*, 948 F.3d at 693. The district court's order is AFFIRMED.